UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

     Plaintiff,

vs.

24/7 RESTAURANT GROUP, LLC
d/b/a Denny's at 9545 West Flagler Street, Miami Florida
and PARK HILL PLAZA 1670, LLC

     Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant 24/7 Restaurant Group, LLC doing business as Denny's at 9545 W Flagler Street and Defendant Park Hill Plaza 1670, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant 24/7 Restaurant Group, LLC d/b/a Denny's at 9545 W Flagler Street (also referenced as "Defendant Restaurant Group," "operator," or "lessee") is a foreign limited liability company registered in Florida and is a franchisee owner of Denny's brand restaurants. Defendant Restaurant Group received a $2,000,000 Cares Act PPP loan from the SBA in March of 2021[1]; part of the PPP loan disclosure shows that Defendant Restaurant Group employs 348 service workers at its fast food restaurants.

6. Defendant Park Hill Plaza 1670, LLC (also referenced as "Defendant Park Hill Plaza," "Owner," or "lessor") is the owner of commercial real property identified as Folio 30-4004-009-0030 with the address 9501 West Flagler Street, Miami, Florida 33174. Defendant Park Hill Plaza's commercial property is built out as a community shopping center which has been sub-divided for individual tenants including (but not limited to) Dollar Tree store, Winn Dixie supermarket, Pamen Liquor store, La Casa De Las Argollas

---

[1] [24/7 Restaurant Group LLC in Pompano Beach, FL - SBA PPP Loan Data (Paycheck Protection Program) (federalpay.org)](#)

restaurant, Metro/T-Mobile cell phone store, Papa John's Pizza, Supercuts, Wendy's fast food, and the subject a Denny's family restaurant.

## FACTS

7. Defendant Park Hill Plaza's 9501 West Flagler Street community shopping center also encompasses the Denny's restaurant located at 9545 W Flagler Street. At all times material hereto, this portion of Defendant Park Hill Plaza's community shopping center has been leased to co-Defendant Restaurant Group (the lessee). The lessee in turn has operated its Denny's franchise restaurant within that leased space.

8. On information and belief and at all times material hereto, Defendant Restaurant Group was (and is) a franchisee operator of many Denny's brand restaurants, each of which is open to the public. Each of the Defendant's franchised Denny's brand restaurants (including the Denny's at 9545 W Flagler Street) is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

9. As a franchisee operator of a Denny's restaurants which are open to the public (including the Denny's located at 9545 W Flagler Street), Defendant Restaurant Group is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

10. Defendant Restaurant Group's franchised Denny's restaurant specializes in breakfast food but also serves meals for lunch and dinner as well as drinks and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink."

Denny's restaurant #9595 which is the subject to this action is also referred to as "Denny's (restaurant)," "Denny's at 9545 W Flagler Street," "Denny's restaurant," "restaurant," or "place of public accommodation."

11. Due to frequently being in the area to visit friends and family, Plaintiff went to the Denny's at 9545 W Flagler Street, on March 28, 2022. Plaintiff went to that Denny's restaurant with the intent of with the intent of dining therein and to test for compliance with the ADA/ADAAG.

12. While Plaintiff was dining/testing in Denny's restaurant, he had occasion to use the restroom and while in the restroom, he met multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

13. Due to the inaccessible public spaces within Defendants' place of public accommodation Plaintiff has been denied full and equal access by the operator of that franchised Denny's restaurant (Defendant Restaurant Group) and by the owner of the commercial property which houses the restaurant (Defendant Park Hill Plaza).

14. On information and belief, Defendant Restaurant Group is well aware of the ADA and the need to provide for equal access in all areas of its franchised Denny's restaurants. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Denny's restaurant at 9545 W Flagler Street is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

15. As the owner of a community shopping center part of which is which is operated as a Denny's restaurant open to the public, Defendant Park Hill Plaza is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

As an investor and owner of a community shopping center being used as multiple places of public accommodation, Defendant Park Hill Plaza should be well aware of the ADA and the need to provide for equal access in all areas of its community shopping center which are open to the public. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that the Denny's restaurant located within its community shopping center is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize and/or test the Denny's restaurant located at 9545 West Flagler Street, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation

has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited and tested the Denny's restaurant located at 9545 W Flagler Street for compliance with the ADA/ADAAG, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access when he patronized/tested the restaurant. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant Restaurant Group (operator of Denny's at 9545 W Flagler Street) and Defendant Park Hill Plaza (owner of the commercial property housing the restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the restaurant in derogation of 42 U.S.C. §12101 *et seq.,* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the subject Denny's restaurant.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. Defendant Park Hill Plaza's community shopping center part of which is leased to the subject Denny's restaurant operated by Defendant Restaurant Group is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Restaurant Group (lessee/operator) and Defendant Park Hill Plaza (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. This is violative of Section 4.13.11(2)(b) of the ADAAG which states that the maximum

> force for pushing or pulling open an interior hinged door is 5 lbs. (22.2N). This also violative of 2010 ADA Standards for Accessible Design Section 404.2.7 which states that operable parts on doors and gates must comply with Section 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum, and lastly, Section 404.2.8.2 and ADAAG Section 4.13.10 delineates door closing speed.

ii. As to Defendant Restaurant Group (lessee/operator) and Defendant Park Hill Plaza (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch.  This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG which states that controls and operating mechanisms shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The forces required to activate controls shall be no greater than 5 lb. (22.2 N). This is also a violation Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors, including door hardware, shall comply with Section 404; specifically, Sections 404.2.7 and 309.4: "operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finished floor or ground."

iii. As to Defendant Restaurant Group (lessee/operator) and Defendant Park Hill Plaza (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is not in the required location

from the side wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

iv. As to Defendant Restaurant Group (lessee/operator) and Defendant Park Hill Plaza (owner/lessor of the property) (jointly and severally), Plaintiff could not use the seat cover dispenser without assistance, as it is mounted behind the water closet and out of reach for Plaintiff due to his disability. This is a violation of Section 4.2.5 at Fig. 5(b) of the ADAAG and Section 308.2.1 of the 2010 ADA Standards for Accessible Design. Generally, the standards require dispensers such as a seat cover dispenser be placed so that the maximum high forward reach is 48 in (1220 mm) and the minimum low forward reach is 15 in (380 mm) (see Fig. 5(a)). However, in this instance, due to the obstruction (of the toilet) to the seat cover dispenser, since the high forward reach is over an obstruction, Section 4.2.5 states that reach and clearances must meet those shown in Fig. 5(b), so that the maximum high forward reach is 46 in (1170 mm) and the minimum low forward reach is 34 in (865 mm).

v. As to Defendant Restaurant Group (lessee/operator) and Defendant Park Hill Plaza (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of Section 4.16.6 and Fig. 29 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper

9

        dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. The subject toilet paper dispenser is in violation of these sections.

vi. As to Defendant Restaurant Group (lessee/operator) and Defendant Park Hill Plaza (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard as the lavatory sink does not have fully wrapped bottom sink pipes, therefore there is no proper insulation protecting users of that sink against the plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

28. Pursuant to 42 U.S.C. §12101 *et seq.*, and 28 C.F.R. §36.304, Defendants have been required to make the Denny's at 9545 W Flagler Street restaurant commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order for Defendants to alter the commercial property

and the franchised Denny's restaurant located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Park Hill Plaza 1670, LLC (owner of the community shopping center housing the Denny's restaurant) and Defendant 24/7 Restaurant Group, LLC (lessee and operator of that Denny's restaurant) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the community shopping center and the Denny's restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 25th day of April, 2022

        Respectfully submitted,

        */s/ J. Courtney Cunningham*
        J. Courtney Cunningham, Esq.
        J. COURTNEY CUNNINGHAM, PLLC
        FBN: 628166
        8950 SW 74th Court, Suite 2201
        Miami, Florida 33156
        Telephone: 305-351-2014
        Email: cc@cunninghampllc.com
        *Counsel for Plaintiff*